IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PETER GAKUBA, #M-52946, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 15-cv-1034-SMY |
| ) | |
| KRISTIE OTEY, LT. BROOKHART, ) | |
| MAJOR RAINS, and ) | |
| UNKNOWN PARTIES, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Peter Gakuba, an inmate currently incarcerated at Robinson Correctional Center ("Robinson"), brings this *pro se* civil rights action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Defendants violated his constitutional rights when they used excessive force during a court-ordered medical procedure. *See* Doc. 1. The procedure took place on September 15, 2015. *Id.* In addition to seeking monetary damages, Plaintiff has filed two motions for temporary restraining orders.

The complaint raises eight claims, including: excessive use of force, failure to intervene, a Fourth Amendment violation, battery, deliberate indifference to a medical need, conspiracy, supervisory liability, and intentional infliction of emotional distress. Plaintiff names as Defendants the following: four unidentified Robinson Health Care Unit nurse practitioners, 100 unidentified John and Jane Does, Kristie Otey (a nurse practitioner), Lieutenant Brookhart (an internal affairs officer), and Major Rains (assistant warden). Of note, Plaintiff makes no request for injunctive relief in the form of medical care to treat what he refers to as a "lasting injury"

(Doc. 2, p. 2) and "genital mutilation" (Doc. 1, p. 4). Instead, in his complaint he seeks $600,000 in compensatory damages and $3,000,000 in punitive damages and his motions requesting emergency injunctive relief focus solely on the preservation of evidence Plaintiff intends to use in support of the above claims.

Under § 1915A, the Court is required to promptly screen prisoner complaints and dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b). After fully considering the allegations in the complaint, the Court concludes that this action is subject to summary dismissal for failure to state a claim upon which relief may be granted at this time.

Pursuant to 42 U.S.C. § 1997e(a), an inmate complaining of the conditions of his confinement must exhaust his administrative remedies *prior* to filing suit. Failure to so exhaust is grounds for summary dismissal of the complaint. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Lewis v. Washington*, 300 F.3d 829, 834 (7th Cir. 2002); *Ester v. Principi*, 250 F.3d 1068, 1071 (7th Cir. 2001); *Bigboy v. Smith*, 210 F.3d 374 (7th Cir. 2000). In addition, an attempt to exhaust available administrative remedies in the midst of litigation is insufficient. *See Ford v. Johnson,* 362 F.3d 395, 398 (7th Cir. 2004); *Perez Wis. Dep't of Corrs.,* 182 F.3d 532, 536–37 (7th Cir.1999). The purpose behind the exhaustion requirement is to give corrections officials the opportunity to address complaints internally before a federal suit is initiated. *See Porter,* 534 U.S. at 524–25. "[I]f a prison has an internal administrative grievance system through which a prisoner can seek to correct a problem, then the prisoner must utilize that administrative system before filing a claim under Section 1983." *Massey v. Helman,* 196 F.3d 727, 733 (7th Cir. 1999); *see Smith v. Zachary,* 255 F.3d 446, 450 (7th Cir. 2001). In Illinois the

procedure is a three-step process which begins with an attempt by the inmate to resolve the issue informally through a prison counselor, then proceeds to review at the institutional level, and finally ends with an administrative appeal to the director of the Department of Corrections, who has delegated review authority to the Administrative Review Board. *See* 20 Ill. Admin. Code. §§ 504.810(a), 504.850(a). "[S]o long as there is *something* the jail or prison could do in response to a grievance, even if it is not the specific relief sought by the prisoner, a grievance must be filed or the prisoner loses his right to sue." *White v. Bukowski*, No. 14-3185, 2015 WL 5101049, at *2 (7th Cir. Sept. 1, 2015).

Although failure to exhaust administrative remedies is usually an affirmative defense, when, as here, it is clear from the face of the complaint that Plaintiff has not exhausted his available remedies, the district court may, if obvious from the complaint, dismiss a prisoner complaint *sua sponte* for failure to exhaust. *See Jones v. Bock*, 549 U.S. 199, 214-215 (2007) ("Whether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the allegations in the complaint suffice to establish that ground. . . .") ; *see Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002) (dismissal is appropriate "when the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous").

In the present case, Plaintiff was subjected to a court-ordered medical procedure on September 15, 2015. (Doc. 1, p. 5). Plaintiff believes that the particular method chosen to conduct the procedure was inappropriate and caused him unnecessary pain and "lasting injury." *Id*. That same day, he filed an emergency grievance requesting medical treatment by a board certified urologist. *Id*. at 9. Four days later, prior to receiving any response regarding his emergency grievance, Plaintiff submitted the present complaint. *Id*. at 11. In a motion Plaintiff

attempted to file under seal, Plaintiff concedes that he has not yet received a response on the emergency grievance he filed on September 15, 2015. Therefore, the complaint shall be **DISMISSED** without prejudice, so that Plaintiff can exhaust administrative remedies.

### Pending Motions

Plaintiff has filed three pending motions, which in light of the impending dismissal are **DENIED AS MOOT**. Additionally, they are denied on the merits.

In the first motion, entitled "Motion for Emergency Stay of Consumption of Biological Specimen to Avoid Spoliation of Evidence," Plaintiff seeks a temporary restraining order ("TRO") that would prevent the destruction of the specimen taken during the medical procedure on September 15, 2015. *See* Doc. 2. A Court may not issue a TRO unless "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." *See* FED. R. CIV. P. 65(b)(1)(A). Plaintiff contends that the specimen is key evidence necessary to prove his constitutional claims. However, there is no suggestion, beyond rank speculation, that Defendants intend to destroy this "evidence." Moreover, evidence that simply demonstrates that the procedure was done would not in and of itself support Plaintiff's claim that Defendants used excessive force in the course of obtaining the specimen. For these reasons, this motion (Doc. 2) is **DENIED** on the merits.

In the second and third motions, which Plaintiff seeks to file under seal, Plaintiff requests emergency injunctive relief in the form of an order that would allow him to personally hand off "evidence," which he insists will corroborate his claims, to federal agents.

Rule 26 of the Federal Rules of Civil Procedure contemplates filing documents under seal for "good cause." However, "[t]he determination of good cause cannot be elided by allowing the

parties to seal whatever they want." *Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.,* 178 F.3d 943, 945 (7th Cir.1999). The public "at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding." *Id.* Hence, the judge is "duty-bound" to "review any request to seal the record." *Id.*

When information is filed with a court, it may "influence or underpin the judicial decision" and is therefore "open to public inspection unless" the information "meets the definition of trade secrets or other categories of bona fide long-term confidentiality." *Baxter Int'l, Inc. v. Abbott Labs.,* 297 F.3d 544, 545 (7th Cir.2002). A motion asking to seal such information has "no prospect of success" unless it analyzes "in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* at 548. Plaintiff's motion in this case does not comply with these requirements. Therefore, Plaintiff's motion to seal his emergency motion (Doc. 6) is also **DENIED** on the merits.

Finally, in Plaintiff's motion for a "Court Order for Federal Law Enforcement Agency to Take Custody of Physical Corroborative Evidence," Plaintiff seeks to turn over evidence he personally collected related to the medical procedure. Plaintiff asserts that he has witnessed several "troubling and disturbing events" that support his contention that Defendants will confiscate this evidence if he does not personally deliver it to federal agents. These "events" include, the lack of a response to his emergency grievance, nurses who refused to order medical tests Plaintiff demanded, and an administrative shake down of his cell. While these events may be "troubling" for Plaintiff, they do not suggest – again, beyond rank speculation – that Defendants intend to confiscate and destroy physical evidence held by Plaintiff. As such, Plaintiff's motion for a "Court Order for Federal Law Enforcement Agency to Take Custody of

Physical Corroborative Evidence," is also **DENIED** on the merits. The Clerk of Court is **DIRECTED** to file this motion, not under seal, and assign it a docket number.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff's complaint (Doc. 1) is **DISMISSED without prejudice** for failure to state a claim upon which relief can be granted at this time.

Plaintiff is **ADVISED** that this dismissal shall not count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Furthermore, Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) tolls the 30-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: October 6, 2015**

s/ STACI M. YANDLE
**UNITED STATES DISTRICT JUDGE**
